Larry W. McCRACKIN and Leeman A. McCrackin, Appellants,

v.

Teresa M. PLUMMBER, Respondent.

No. WD 60996.

Missouri Court of Appeals, Western District.

Jan. 31, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 2003.

Application for Transfer Denied May 27, 2003.

---

Thomas E. Hankins, Gladstone, MO, for Appellants.

Bernard T. Schmitt, Kansas City, MO, for Respondent.

Before: ROBERT G. ULRICH, P.J., EDWIN H. SMITH and LISA WHITE HARDWICK, JJ.

ROBERT G. ULRICH, P.J.

Larry W. McCrackin sued Teresa Plummber for personal injury that he suffered as a result of a vehicular collision of the automobiles each was driving. Leeman McCrackin, as the owner of the vehicle then driven by his son, sued Ms. Plummber for damage to his vehicle. The McCrackins appeal the judgment entered on a jury verdict denying recovery to Larry McCrackin for personal injuries and for property damage to Leeman McCrackin. They appeal on two grounds. They claim the trial court erred in (1) refusing to give their requested verdict finding instruction that included the issues of whether Ms. Plummber drove her vehicle in an intoxicated state and whether that state contributed to cause the vehicular accident, and

(2) overruling their motion for mistrial for defendant's alleged improper closing argument. The judgment is reversed, and the case is remanded for a new trial.

Larry McCrackin and Teresa Plummber were involved in an automobile accident on March 5, 2000. Larry McCrackin claims to have suffered physical injury to his knees as a consequence of the accident caused by Ms. Plummber's negligence resulting in substantial lost wages and medical bills. Leeman McCrackin, the owner of the vehicle driven by Larry McCrackin at the time of the accident, claims to have sustained significant damage to his automobile. The McCrackins filed suit and litigated their claims before a jury.

The McCrackins and Ms. Plummber presented conflicting evidence on the issue of causation. The McCrackins' evidence was that Ms. Plummber crossed the centerline of the road and into the path of Larry McCrackin, who, driving in the opposite direction, was unable to avoid the resulting collision. Ms. Plummber's evidence was that Larry McCrackin drove across the centerline and into her path.

Both presented evidence suggesting that the other was under the influence of alcohol when the accident occurred. Ms. Plummber admitted to having drunk two beers earlier that evening, and Leeman McCrackin, who went to the hospital after the accident, testified that he could smell alcohol on Ms. Plummber's breath and that she was unsteady on her feet. Ms. Plummber produced evidence that Larry McCrackin, when pulled from his vehicle by a fellow motorist, emitted a strong odor of alcohol.

The jury found Larry McCrackin 100% at fault and denied the McCrackins' recovery. The McCrackins' subsequently filed a motion for new trial raising as error the grounds they now assert on appeal. The motion was denied, and they timely filed their appeal to this court.

■ In their first point, the McCrackins allege error in the circuit court's refusal to give an instruction on the issue of intoxication. The McCrackins offered the following instruction:

In your verdict you must assess a percentage of fault to Defendant Teresa Plummber, whether or not Plaintiff Larry McCrackin was partly at fault, if you believe:

First, either:

Defendant failed to keep a careful lookout, or

Defendant's automobile was on the wrong side of the road, or

*Defendant drove while intoxicated to the extent that defendant's driving ability was impaired* (emphasis added), and

Second, Defendant, in any one or more of the respects submitted in Paragraph First, was thereby negligent, and

Third, such negligence either directly caused or directly contributed to cause damage to Plaintiff Larry McCrackin.

The court refused to instruct the jury on the third alternative theory of negligence contained in paragraph first of the instruction—that "Defendant drove while intoxicated to the extent that defendant's driving ability was impaired."

■ "Whether sufficient evidence was presented to submit an issue to the jury is a legal question and not an exercise of judicial discretion." *Deckard v. O'Reilly Auto., Inc.*, 31 S.W.3d 6, 18 (Mo.App. W.D. 2000). The submission or refusal to submit a tendered instruction, however, is within the trial court's discretion. *Hampton v. Jecman*, 50 S.W.3d 897, 901 (Mo. App. W.D.2001). In reviewing the submis-

sibility of an instruction, the evidence and reasonable inferences are viewed in the light most favorable to the instruction with all contrary evidence and inferences disregarded. *Commerford v. Kreitler*, 462 S.W.2d 726, 728 (Mo.1971); *Roy v. Mo. Pac. R.R. Co.*, 43 S.W.3d 351, 361 (Mo.App. W.D.2001); *Linton v. Mo. Highway & Transp. Comm'n*, 980 S.W.2d 4, 6 (Mo. App. E.D.1998). Where a party alleges intoxication as an independent act of negligence and makes a submissible case through the presentation of substantial evidence in support of its theory, intoxication is a basis for a verdict directing instruction. *Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104, 108 (Mo. banc 1996). "Substantial evidence is that evidence which, if true, is probative of the issues and from which the jury can decide the case." *Butts v. Express Personnel Servs.*, 73 S.W.3d 825, 839 (Mo.App. S.D.2002)(quoting *Wuerz v. Huffaker*, 42 S.W.3d 652, 655 (Mo.App. E.D.2001)).

 Ms. Plummber admitted that she drank two beers in the hours immediately preceding the accident. Additionally, Leeman McCrackin testified that her breath smelled of alcohol when he spoke with her at the hospital and that she was "staggering" or "kind of weaving around." The burden of presenting substantial evidence in support of an intoxication theory is met by showing alcohol consumption, particularly when combined with the lingering odor of alcohol. *Rodriguez*, 936 S.W.2d at 109. That burden was met. Thus, sufficient evidence was presented as a matter of law to submit the issue of whether Ms. Plummber was intoxicated and, if she was, whether such intoxicated state impaired her driving ability as presented in paragraph first of the tendered instruction. The trier of fact assesses the weight of the alcohol evidence. *Id.* The trial court, however, errantly weighed the evidence and determined the credibility of the evidence. The court apparently believed Ms. Plummber's testimony that she had only two beers and found that insufficient to establish impairment. It disbelieved Leeman McCrackin's testimony and stated:

> I didn't find that very credible in light of the fact that I had a teetotaler on the witness stand who is never around alcohol, doesn't allow it in his house, won't allow his family to ever use it and made a rather vague and I think somewhat inaccurate description of staggering which then turned to swaying and then turned to weaving, and I didn't find it all that credible.

The trial court stepped beyond its role. The jury is entitled to make its own credibility determinations and to infer negligence from properly admitted evidence. *Giddens v. Kansas City S. Ry. Co.*, 29 S.W.3d 813, 819 (Mo. banc 2000). Whether sufficient evidence exists is a legal question for the court, and the credibility of the evidence is not determined by the court as an exercise of judicial discretion in a case tried to a jury. *Roy*, 43 S.W.3d at 361; *Deckard*, 31 S.W.3d at 18.

 Although sufficient evidence of intoxication was presented, the party offering such an instruction must also present evidence establishing alcohol consumption as a legal cause of the damages. *Rodriguez*, 936 S.W.2d at 109. Ms. Plummber argues that the evidence was insufficient to support a finding of causation and "leaves the causal connection in the nebulous twilight of speculation, conjecture and surmise." *See Titsworth v. Powell*, 776 S.W.2d 416, 423 (Mo.App. E.D.1989). The McCrackins' evidence was that Ms. Plummber crossed the centerline of the road entering the lane of traffic then used by Larry McCrackin as he drove his father's vehicle thereby causing the accident. Leeman McCrackin claimed to have

smelled an odor of alcohol on Ms..Plummber's breath after the accident, and he also claimed to have observed her stumbling. Ms. Plummber admitted to having drunk two beers before the accident. The McCrackins presented evidence that, if believed by the jury, would have supported a finding that Ms. Plummber drove while intoxicated thereby impairing her driving ability. The evidence submitted was sufficient to submit to the jury, as the trier of fact that determines the credibility of the witnesses, the issue of whether Ms. Plummber was intoxicated and whether her intoxication was a legal cause of the accident. The point is granted.

Because the first point is granted, the remaining issue is not addressed.

The judgment is reversed, and the case is remanded to the trial court for a new trial.

EDWIN H. SMITH and HARDWICK, JJ. concur.